**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MANAL PAULS,

                    Petitioner,

                                        CIVIL NO. 2:14-CV-10779
v.                                      HONORABLE SEAN F. COX
                                        UNITED STATES DISTRICT COURT

BONITA HOFFNER,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO**
**APPEAL _IN FORMA PAUPERIS_**

Manal Pauls, ("petitioner"), presently incarcerated at the Lakeland Correctional Facility in

Coldwater, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his application, filed through his attorney James Sterling Lawrence, petitioner challenges his

conviction for armed robbery Mich. Comp. Laws, § 750.529, two counts of assault with intent to rob

while armed Mich. Comp. Laws, § 750.89, and possession of marijuana second or subsequent

offense Mich. Comp. Laws, § 333.7403(2)(d); § Mich. Comp. Laws, § 333.7413(2). For the reasons

stated below, the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**I.  Background**

Petitioner was convicted of the above offenses following a jury trial in the Oakland County

Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from

the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on

habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir.

2009):

On December 18, 2005, Zoup restaurant in Troy, Michigan, located on Maple and Coolidge roads, was robbed. Kendra Denisio, the Zoup restaurant manager on duty that night, closed the restaurant for the evening and locked the public doors. Jacqueline Keillor and Michael McMacken worked with Denisio that night. Keillor was responsible for taking out the trash, and the restaurant had a policy that the trash went out the back door and that the door remained locked while the person taking it out was outside. Denisio opened the back door, allowing Keillor to take the trash outside to the dumpster, and then Denisio relocked the door and waited for Keillor to return. As Denisio reopened the door for Keillor, a man wearing a ski mask came around the corner and forced Keillor back into the restaurant. With a gun pointed at Keillor's back, the robber ordered both women onto the ground. When the women did not move fast enough, the robber "racked" the gun, which Denisio described as gray and silver in color, 8-10 inches long, and in the style of a semi-automatic. The robber ordered Keillor to open the restaurant's safe, to which Keillor responded that she could not because she did not have access to the safe; Denisio notified the robber that only she could open the safe. A noise from another part of the restaurant alerted the robber that someone else was in the restaurant; he investigated the noise and found McMacken mopping. The robber pointed his gun at McMacken and ordered him to the floor. Turning his attention back to Denisio, the robber told her to open the safe. Denisio only had access to part of the safe, but she emptied it and gave the money to the robber. He then demanded the rest of the money from the other part of the safe. After Denisio said she could not give him that money, the robber stuffed the money Denisio gave him into his pockets, ordered everyone to stay on the floor, and left the restaurant. The robber left with about $600-700. Denisio stayed on the floor for an estimated two minutes before calling the police.

Denisio described the robber as having dark tan skin, dark brown eyebrows, dark brown to black eyes and wearing tennis shoes, dark pants, a ski mask, and a dark jacket. Denisio also said she saw Manal Pauls in the restaurant on previous occasions and knew he worked at the restaurant in the past. When shown a gun recovered from Manal Pauls' house, she believed it to be similar in size and shape to the gun used during the armed robbery, but the one recovered from Manal Pauls' house had an orange tip that Denisio did not recall.

McMacken thought that the gun the robber carried was real; he also believed that the gun recovered from Manal Pauls' house was similar in shape and size to the one the robber used but the one the robber had did not have an orange tip.

Keillor said she noticed a person approaching her as she took the trash out on the night of the armed robbery. Keillor described the gun as either black and gray or black and silver, and she also identified the robber as Manal Pauls. Manal Pauls was once a Zoup employee with whom Keillor worked, and she had no doubt in her mind that he was the robber.

*People v. Pauls,* No. 276375, 2009 WL 1352070, at 1-2 (Mich.Ct.App. May 14, 2009).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 485 Mich. 1043; 776 N.W.2d

907

(2010).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500,

*et. Seq.*, which was denied. *People v. Pauls,* No. 06-206437-FC (Oakland County Circuit Court,

March 20, 2012). The Michigan appellate courts denied petitioner leave to appeal. *People v. Pauls,*

No. 309954 (Mich.Ct.App. November 20, 2012); *lv. den.* 494 Mich. 868; 832 N.W. 2d 237 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Pauls was denied a fair trial and various constitutional rights by the prosecutor eliciting testimony and making a comment about Pauls's failure to present alibi testimony and failure to present alibi witnesses listed on a notice of alibi filed by defense counsel.

II. Pauls was prejudiced by multiple instances of ineffective assistance of counsel involving failure to make motions and objections.

III. The sentencing court unreasonably rejected an objection to asserted facts relevant to sentencing.

IV. The sentencing court violated Pauls's Sixth Amendment rights by sentencing him to a higher term based on facts not found by a jury beyond a reasonable doubt.

V. The cumulative effect of the constitutional errors unconstitutionally prejudiced petitioner.

VI. Pauls was prejudiced by ineffective assistance of appellate counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the

Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. Thus, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III. Discussion

#### A. Claim # 1. The prosecutorial misconduct claim.

Petitioner alleges that the prosecutor committed misconduct by eliciting testimony and making comments about petitioner's failure to present alibi testimony and his failure to present alibi witnesses listed on a notice of alibi filed by defense counsel.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form

6

the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45.  In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 562 U.S. at 103).

Petitioner contends that the prosecutor improperly elicited testimony and commented on the defense's failure to present alibi testimony by witnesses listed on a notice of alibi filed by defense counsel when petitioner ultimately did not testify and did not raise an alibi defense.  Although petitioner has framed his improper admission of evidence claim as a prosecutorial misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d 383, 397 (6th Cir. 2009).  "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008).  It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).  Petitioner's claim that the prosecutor improperly elicited testimony and comment about the defense's failure to present alibi testimony was done with the approval of the

7

trial court, so even if that was an error, that is not prosecutorial misconduct. Furthermore, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour* at 552.

Moreover, the prosecutor did not comment on petitioner's failure to call alibi witnesses but constructed a timeline of witnesses who petitioner claimed would provide an alibi when he first talked to police to demonstrate that petitioner was trying to obtain false alibis from friends and family. An attempt to procure perjured testimony to manufacture a false alibi defense can be considered as evidence of guilt as to the crime charged under both Michigan and federal law. *See People v. Ranes,* 58 Mich. App. 268, 271-72; 227 N.W. 2d 312 (1975); *see also Newman v. Metrish,* 492 F. Supp. 2d 721, 731 (E.D. Mich. 2007); *aff'd* 543 F. 3d 793 (6th Cir. 2008)(internal citation omitted).

While petitioner claims that the prosecutor improperly presented the alibi notice to the jury in violation of petitioner's right not to testify and shifted the burden of proof to petitioner, the trial court judge instructed the jury that the defendant was presumed innocent, that the prosecutor had the burden of proving the defendant's guilt beyond a reasonable doubt, and that the defendant was not required to testify or prove his innocence. (Tr. 12/14/06, p. 80-81). The trial court judge also instructed the jury that "the lawyer's statements and arguments are not evidence." *Id.* The prosecution's argument did not deprive petitioner of a fair trial, because any possible prejudice which might have resulted from admission of evidence pertaining the alibi notice was cured by the trial court's instructions regarding the proper burden of proof. *See Scott v. Elo,* 302 F. 3d 598, 603-04 (6th Cir. 2002). Petitioner's first claim is without merit.

**B. Claims ## 2 and 6.   The ineffective assistance of trial and appellate counsel claims.**

Respondent contends that petitioner's second and sixth claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(I).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In addition, "'[A]ctual innocence' means factual

9

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that petitioner had failed "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Oakland County Circuit Court judge, in denying petitioner's post-conviction motion, ruled that petitioner had failed to establish "good cause" for failing to "raise the issues in prior proceedings" and had "also failed to demonstrate actual prejudice as required by the Michigan Court Rules." *Pauls,* No. 06-206437-FC, Slip. Op. at 2. The trial court judge ruled that petitioner's

post-conviction relief was denied based on the procedural grounds stated in M.C.R. 6.508(D)(3),

*Id.* Petitioner's post-conviction claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3).

*See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007); *see also Howard v. Bouchard,* 405 F.3d

459, 477 (6th Cir. 2005).  Petitioner's second claim is procedurally defaulted. [1]

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his

procedural default.  Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have

appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751

(1983).  The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on
> appointed counsel a duty to raise every 'colorable' claim suggested by a client
> would disserve the ... goal of vigorous and effective advocacy.... Nothing in the
> Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good

arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a

verbal mound made up of strong and weak contentions." *Id.* at 753. (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington*, 466
> U.S. 668 (1984)] claim based on [appellate] counsel's failure to raise a particular
> claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left

---

[1] Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291.  However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

11

to the sound professional judgment of counsel." *United States v. Perry*, 908 F. 2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his second claim. Appellate counsel filed a thirty-seven page brief which presented six issues including what now makes up the first, third, fourth and fifth claims raised by petitioner in his petition.[2] Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

In addition, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate

---

[2] *See* Appellant's Brief [This Court's Dkt. # 7-18].

counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F. 3d 663, 676 (6th Cir. 2001)).

Petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his second claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his second or sixth claims.

## C. Claims ## 3 and 4.   The sentencing guideline claims.

Petitioner next contends that the judge improperly scored Offense Variables 1, 2, and 12 of the Michigan Sentencing Guidelines by considering factors that had not been proven beyond a reasonable doubt or admitted to by petitioner.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. App'x. 724, 725 (6th Cir. 2007); *Howard v. White,* 76 Fed. App'x. 52, 53 (6th Cir. 2003); *see also Haskell v.*

13

*Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010)*; Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006).  "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

Petitioner further contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring the Michigan Sentencing Guidelines.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 ( 2013).  *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58.

2:14-cv-10779-SFC-LJM   Doc # 9   Filed 03/25/16   Pg 15 of 17   Pg ID 1864

At the time of petitioner's conviction and sentence, *Harris* was good law. In addition, *Alleyne* has not been made retroactive to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Although the Michigan Supreme Court recently relied on *Alleyne* to hold that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial, *see People v. Lockridge,* 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), a federal district court may only grant habeas relief if it finds that the state court's decision was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the *Supreme Court of the United States*' or 'was based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding.'" *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012)(quoting 28 U.S.C. § 2254(d))(emphasis added). In addition, "[t]he law in question must have been clearly established at the time the state-court decision became final, not after." *Id*. (citing *Williams v. Taylor*, 529 U.S. at 380). Because the Supreme Court at the time of petitioner's conviction did not require that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, petitioner is not entitled to habeas relief on his third and fourth claims. *See Gibson v. Tribley*, No. 10-13364, 2013 WL 3353905, at *8 (E.D. Mich. July 3, 2013).[3]

Furthermore, the Supreme Court's holding in *Alleyne* is inapplicable to petitioner's case, because the holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to petitioner in this case. *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). Unlike the laws at issue in *Alleyne* and *Apprendi*, the Michigan Sentencing Guidelines do

---

[3] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8).

not require a trial judge to impose a higher sentence, nor do they allow him or her to impose a more severe sentence that was necessarily unavailable before. *Id.* Because the Michigan Sentencing Guidelines merely advise a sentencing judge in Michigan how to exercise his or her sentencing discretion, *Alleyne* is inapplicable. *Id.*; *see also United States v. James*, 575 Fed. App'x. 588, 595 (6th Cir. 2014)(collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."). Petitioner is not entitled to habeas relief on his third or fourth claims.

### D. Claim # 5. Cumulative Error.

In his fifth claim, petitioner contends that he is entitled to habeas relief because of cumulative error.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F. 3d 250, 256 (6th Cir. 2005). Petitioner is therefore not entitled to habeas relief on the grounds of cumulative error. *Id.*

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*,

16

529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V. **ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE**.**

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis*.

S/Sean F. Cox _____
Sean F. Cox
United States District Judge

Dated: March 25, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy _____
Case Manager